UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 11-60101-CR-DIMITROULEAS / SNOW

UNITED STATES OF AMERICA,
    Plaintiff,
vs.

SCOTT KEMERY,
    Defendant,
_____/

## DEFENDANT KEMERY'S MOTION TO SUPPRESS PHYSICAL EVIDENCE

Defendant, SCOTT KEMERY, by and through his undersigned counsel, Jason W. Kreiss, Esq. and Eric T. Schwartzreich, Esq., pursuant to F.R.Cr.P. 12 and 41, the Fourth Amendment to the United States Constitution, and the case law cited herein, hereby moves to suppress as evidence at trial the methamphetamine contained in the Federal Express package that was illegally seized by law enforcement, any and all observations of same, and any testimony related to same.  As grounds for this motion the defendant states the following:

1. The Defendant is currently charged by way of Indictment with one (1) count of Possession with Intent to Distribute Methamphetamine, stemming from the controlled delivery of a Federal Express package to his residence ( 315 NE 3rd Avenue, #2104, Fort Lauderdale, Florida) on April 14, 2011.

2. According to the criminal complaint in this cause, detectives with the Broward Sheriff's Office Narcotics Interdiction Unit were contacted by Federal Express security in reference to a package addressed to Mr. Kemery upon which they performed an administrative search.

3. The parcel addressed to Defendant Kemery was ultimately found to contain 55.8 grams of methamphetamine.

4. Law enforcement sealed the package and then made a controlled delivery to Mr. Kemery at his residence.

5. Based upon the controlled delivery and statements made by Mr. Kemery, law enforcement applied for a search warrant to search Kemery's residence which was granted by the Honorable Bernard I. Bober, in Broward County Circuit Court.

6. According to the inventory left at the residence, the following items were seized during the execution of the search warrant: Dell desktop computer, methamphetamine, bank documents, iphone, U.S. currency, flash drive, and empty plastic bags from bathroom. Furthermore, according to the probable cause affidavit authored by Detective Joshua Passman, there was also approximately 4 grams of additional methamphetamine, three (3) glass jars containing GBL and a small amount of suspect cannabis recovered from Kemery's residence.

7. The Defendant specifically seeks to suppress and prevent the government from introducing at trial the contents of the Federal Express package seized on April 14, 2011, as the evidence will show that it was not recovered during an "administrative search" as indicated in law enforcement's reports. Furthermore all evidence (physical and statements of the defendant) procured subsequent to the controlled delivery should also be suppressed as they are the tainted fruits of the illegal search.

## **MEMORANDUM OF LAW**

It is well settled that the Fourth Amendment protects individuals from unreasonable government intrusions into their legitimate expectations of privacy. U.S. v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983). This protection from unreasonable government intrusion into an individual's legitimate expectations of privacy also extends to the contents of personal packages. Id. Also, see Ex parte Jackson, 96 U.S. 727, 6 Otto 727, 24 L.Ed. 877 (1877). Moreover, although law enforcement may properly seize a package upon probable cause to believe said package contains contraband, law enforcement must obtain a search warrant prior to searching its contents in the absence of exigent circumstances. U.S. v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983). Numerous Circuit Courts of Appeals have

analyzed the issue of searching seized Federal Express packages, and in all such cases, law enforcement properly obtained a search warrant before searching the subject packages. *See* U.S. v. Smith, 34 F.3d 514 (7th Cir. 1994); U.S. v. West, 25 F.3d 1052 (6th Cir. 1994); U.S. v. Moore, 22 F.3d 241 (10th Cir. 1994); and U.S. v. Hall, 20 F.3d 1084 (10th Cir. 1994).

Defendant Kemery recognizes that the Fourth Amendment is not implicated if a search is performed by a private party for "non-law enforcement" or "administrative" reasons. The instant case is not one of those situations.

In analyzing whether the Fourth Amendment is applicable, the Court has held that there are two (2) critical issues, (1) *whether the government knew of the intrusive conduct ahead of time* and (2) *whether the purpose of the search by the private party was to assist law enforcement or to further other ends*. United States v. Simpson, 904 F.2d 607 (11th Cir. 1990); United States v. Steiger, 318 F.3d 1039 (11th Cir. 2003)

In the instant case, contrary to the statements made in the sworn affidavits in the criminal complaint, authored by DEA, Special Agent, Karen Berra, and the sworn Affidavit and Application For A Search Warrant, authored by BSO Detectives Joshua Passman and Andrea Hoefer, it is believed, and the evidence will show that law enforcement had prior

knowledge of the intent to intercept the parcel and were well aware that the purpose of an interdiction is to enforce state and federal narcotics laws.

If the members of the Broward Sheriff's Office Narcotics Interdiction Unit independently developed probable cause to believe the subject package contained contraband they would be within their rights to seize the package while awaiting the approval of a search warrant. However, in the instant case after the "administrative search", law enforcement failed to procure a search warrant for the contents of the subject package, which is a clear violation of Defendant's Fourth Amendment right against unreasonable government intrusion into his legitimate expectation of privacy, despite the fact that the parcel was being transported by a third party carrier. Furthermore, there existed no exigent circumstances at the time of the search of the subject package which could justify the warrantless search of same. Having already identified that the parcel contained narcotics, there existed no safety concerns justifying the warrantless search of the package. Moreover, the package was firmly within the custody and control of law enforcement, so it cannot be said that there was any danger that the package would be lost or destroyed prior to a valid search of same.

Pursuant to the local rules, AUSA Jennifer Millien was contacted in reference to this matter and she expressed that the government opposes this motion.

WHEREFORE based upon the illegal search of the subject parcel, and in accordance with the above-cited authority; the parcel, its contents (55.8 grams of methamphetamine), any and all observations made of same, should be suppressed.

**Defendant Kemery specifically requests that this Honorable Court afford him an evidentiary hearing in this matter**.

Respectfully Submitted:

*/s/ Jason W. Kreiss, Esq.*
Jason W. Kreiss, Esquire
Attorney for Defendant
FBN: 0087912

The Kreiss Law Firm
1824 SE 4th Avenue
Fort Lauderdale, FL 33316
Tel 954-525-1971
Fax 954-525-1978
Email: jwk@kreisslaw.com

**CERTIFICATE OF SERVICE**

Undersigned Counsel hereby certifies that on this 5th day of July, 2011, a copy of the foregoing Motion to Suppress Statements was filed with the Clerk of the Court via CM/ECF and all parties of record.

*/s/ Jason W. Kreiss*
Jason W. Kreiss, Esq.