UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 11-60101-CR-DIMITROULEAS / SNOW

UNITED STATES OF AMERICA,
    Plaintiff,
vs.

SCOTT KEMERY,
    Defendant,
_____/

## DEFENDANT KEMERY'S MOTION TO SUPPRESS STATEMENTS TO LAW ENFORCEMENT

Defendant, SCOTT KEMERY, by and through his undersigned counsel, Jason W. Kreiss, Esq. and Eric T. Schwartzreich, Esq., pursuant to Federal Rule Criminal Procedure12, the Fifth Amendment to the United States Constitution, and the case law cited herein, moves to suppress as evidence at trial any and all statements made by the defendant to law enforcement at the time of his arrest. As grounds thereof, the defendant states the following:

1. The Defendant is currently charged by way of Indictment with one (1) count of Possession with Intent to Distribute Methamphetamine, stemming from the controlled delivery of a Federal Express package to his residence ( 315 NE 3rd Avenue, #2104, Fort Lauderdale, Florida) on April 14, 2011.

2. According to the criminal complaint in this cause, detectives with the Broward Sheriff's Office Narcotics Interdiction Unit were contacted by

Federal Express security in reference to a package addressed to Mr. Kemery upon which they performed an administrative search.

3. The parcel addressed to Defendant Kemery was ultimately found to contain 55.8 grams of methamphetamine.

4. Law enforcement sealed the package and then made a controlled delivery to Mr. Kemery at his residence.

5. Once the package was delivered to Mr. Kemery he was detained by law enforcement at his residence, in the hallway outside his actual apartment. It was at that point in time that Mr. Kemery allegedly made various statements to law enforcement about the contents of the package, its intended use, prior packages and what was currently in his residence.

6. Prior to obtaining a search warrant, a sworn taped statement was taken from the defendant in violation of his <u>Miranda</u> right to have counsel present during questioning, as se forth more fully below.

## **MEMORANDUM OF LAW**

The Fifth Amendment to the United States Constitution provides that no person shall be compelled to be a witness against themselves in any criminal matter. In order to give effect to the Fifth Amendment, the Supreme Court in <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 694 (1966), held that not

only does an accused person have the right to have counsel present during a custodial interrogation, but that law enforcement must clearly advise the accused of said right. Even during an ongoing interrogation, once an accused makes "some statement that can reasonably be construed as an expression of a desire for the assistance of an attorney," further interrogation should cease. McNeil v. Wisconsin, 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed. 158 (1991).

In the instant case, there is no doubt that Mr. Kemery was in custody for purposes of Miranda when his recorded statement was taken by law enforcement. It is well settled that the only relevant inquiry in making a determination of custody for purposes of Miranda, is how a reasonable man in the suspect's position would have understood the situation. Stansbury v. California, 511 U.S. 318, 114 S.Ct. 1526, 128 L.Ed. 293 (1994). Although Kemery was not handcuffed during the interrogation, the Broward Sheriff's Office detectives taking said statement made it clear to him that he "was under arrest right now" and confronted him with the evidence which they had already obtained against him (i.e. the contents of the Federal Express package which is the subject of Defendant's Motion to Suppress filed contemporaneously herewith.). Moreover, the statement was taken in the hallway outside of the defendant's residence while said detectives were waiting on the search warrant for his residence to arrive. Additionally, the Broward Sheriff's Office had already seized Kemery's mobile telephone, without the search warrant present,

effectively precluding him from contacting his attorney at that time.  In fact, the Broward Sheriff's Office detectives informed Kemery that if he wished to cease the interrogation, and wanted an attorney, that he could contact one from jail.  Based upon the above-noted circumstances, it cannot be said that a reasonable man in Kemery's position would have felt free to leave.  Therefore, it must be found the defendant was indeed in custody for purposes of <u>Miranda</u>.

Throughout the recorded statement, Kemery invoked his right to have an attorney present.  Although he did not specifically state that he wants his attorney and will not answer any further questions, he nonetheless sufficiently invoked his right to have counsel present.  Numerous times during the recorded statement, Kemery stated that he could not call his attorney because the Broward Sheriff's Office detectives had seized his telephone.  Moreover, he had indicated to the detectives that he was "confused", did not "know what to do" and that he was "hesitant" to answer questions without the presence of his attorney.  In fact, the detective conducting the interrogation was obviously concerned regarding the defendant's invocation of his right to counsel and acknowledged that he seemed to be "going back and forth" regarding his right to have an attorney present.  Courts have previously held that an accused's statement that "I think I should call my lawyer" was an unequivocal request for an attorney pursuant to Miranda and sufficient to cause further interrogation to cease.  <u>Canady v. Dugger</u>, 931 F.2d 752 (11th Cir. 1991).

As Kemery had sufficiently invoked his right to counsel, all further interrogation should have ceased.  Despite Kemery's request, the Broward Sheriff's Office detectives continued to interrogate him.  The law is well settled that once an individual invokes his right to counsel, that his responses to additional police questioning are inadmissible unless the accused himself initiates further discussions with the police and knowingly and intelligently waived the right he had invoked.  Smith v. Illinois, 469 U.S. 91, 105 S. Ct. 490, 83 L.Ed. 488 (1984).  In the instant case, it is clear that Kemery did not initiate further discussions with law enforcement concerning the subject matter of the interrogation and that at no time did he knowingly and intelligently waive his previously invoked right to counsel.  In fact, any statements made by Kemery after the invocation of his right to counsel were the product of the detectives ignoring such requests by further interrogating and confronting him with their evidence, and indicating that he was going to jail.  As the Supreme Court noted in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 694 (1966), "Any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise."

WHEREFORE, based upon the fact that the Defendant was in custody for purposes of Miranda when his recorded statement was taken by Broward Sheriff's Office detectives, and had sufficiently invoked his right to counsel and did not further initiate discussions with law enforcement or otherwise knowingly

and intelligently waive his right to counsel, the recorded statement taken on April 14, 2011,should be suppressed and precluded from use at trial.

_____Pursuant to the local rules, AUSA Jennifer Millien was contacted in reference to this matter and she expressed that the government opposes this motion.

**Defendant Kemery specifically requests that this Honorable Court afford him an evidentiary hearing in this matter**.

                                        Respectfully Submitted:

                                        */s/ Jason W. Kreiss, Esq.*
Jason W. Kreiss, Esquire
Attorney for Defendant
FBN: 0087912

The Kreiss Law Firm
1824 SE 4th Avenue
Fort Lauderdale, FL 33316
Tel 954-525-1971
Fax 954-525-1978
Email: jwk@kreisslaw.com

**CERTIFICATE OF SERVICE**

Undersigned Counsel hereby certifies that on this 5th day of July, 2011 a copy of the foregoing Motion to Suppress Statements was filed with the Clerk of the Court via CM/ECF and all parties of record.

/s/ Jason W. Kreiss
Jason W. Kreiss, Esq.