UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-CR-60101-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

vs.

**SCOTT KEMERY**,

        Defendant.
_____/

# GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED PURSUANT TO SEARCH WARRANT (DE 42) AND MOTION TO SUPPRESS PHYSICAL EVIDENCE (DE 43)

The United States hereby files this response to the defendant's Motion to Suppress Evidence Seized Pursuant to Search Warrant (DE 42) and Motion to Suppress Physical Evidence (DE 43) filed in the above-captioned matter. Given the related nature of the defendant's argument in both motions, the Government will address them together in this response. In his motion, the defendant alleges that the search of the Federal Express package underlying the charges in the above-captioned matter was a "ruse" conducted at the direction of law enforcement and that law enforcement agents included false statements[1] in their subsequent application for a search warrant for the defendant's residence. The Government respectfully submits that the search of the Federal Express package involved in this case was a private search conducted by a Federal Express employee and not at the direction of law enforcement. As such, the Government respectfully submits that the search was lawful, that the defendant's motions are meritless, that the defendant's motions should be denied, and relies on the

---

[1] The false statements alleged to have been made by law enforcement agents relate to the characterization of the search of the Federal Express package as a search conducted by a Federal Express employee without any law enforcement involvement.

following factual and legal basis for its position.

## I.  FACTUAL BACKGROUND

On April 14, 2011, detectives with the Broward County Sheriff's Office Narcotics Interdiction Unit were contacted by Federal Express security in reference to a package they had received addressed to "KEMERY" at the address of 315 N.E. 3rd Ave. #2104, Fort Lauderdale, Florida.  The sender information on the package reflected the name "Joe Naples" and the address of 451 W. 59th St., New York, New York.  Federal Express security advised law enforcement that they had performed a search of the package which revealed that the package contained approximately 60 grams of suspected crystal methamphetamine.

Detectives from the Broward County Sheriff's Office, Major Narcotics Unit, responded to the Federal Express office located at 1000 S.W. 34th Street, Fort Lauderdale, Florida.  Federal Express security turned the package over to the detectives who conducted a field test of the substance which yielded a positive result for methamphetamine.  The package was then sealed shut so that a controlled delivery of the package could be made to the defendant at his residence located at 315 N.E. 3rd Ave, Fort Lauderdale, Florida.

At approximately 11:45 a.m. the package was left with the building security guard in the lobby of the second floor of the apartment building located at 315 N.E. 3rd Ave, Fort Lauderdale, Florida.  Visual surveillance was maintained on the package throughout by law enforcement agents in the lobby.  The building security guard contacted the defendant, whose phone number on the package matched the phone number that building security had for the defendant. Building security advised him that he had a package to be picked up in the lobby.

At approximately 11:50 a.m. the defendant exited the elevator and walked into the lobby.

The defendant signed the building package log and proceeded to take possession of the Federal Express package. As the defendant was leaving the lobby and walking towards the elevator, BSO detectives made contact with him. After law enforcement agents approached the defendant, the defendant asked why they were there. Law enforcement agents told the defendant that the reason they were there was because of the package and its contents. The defendant told law enforcement that he did not know the sender on the package, that the package contained "meth" and that it was for personal use. The defendant agreed to speak with law enforcement, however, asked if law enforcement would agree to speak with him upstairs at his apartment rather than in the common area of the apartment building where his neighbors could see. Law enforcement agreed and accompanied the defendant upstairs to his apartment.

After arriving at the defendant's apartment, the defendant again asked law enforcement "What is this about?" Agents told the defendant that it was about the contents of the package. The defendant responded that it was only meth, that it was only a couple of eight balls, that it was for him, and that he did not sell. Detectives asked the defendant if he would consent to a search of his residence. The defendant asked law enforcement if they had a search warrant. Law enforcement told the defendant that they did not have a search warrant and advised the defendant that he could refuse to consent to the search. The defendant stated that he only had a small amount of "meth" in the house, that it was his, that he did not sell it, and demonstrated with the fingers on his right hand making a quarter size circle. The defendant then agreed to give consent to search his home.

Agents asked the defendant if he had anything on his person. The defendant denied having anything on his person and agreed to a search. Law enforcement agents searched the defendant's person and seized a digital scale and an Apple I-phone. The defendant consented to the search of

3

his cellular telephone, provided law enforcement agents with the password, and directed agents to certain areas within the telephone. Law enforcement agents applied for and obtained a state search warrant for the defendant's home which was executed the same day at approximately 3:40 p.m. During the search of the defendant's home, agents found an additional approximate 5 grams of methamphetamine, approximately 500 grams of GBL (Gamma-Butyrolactone), a digital scale, a large number of needles, a large number of small baggies, 2 pipes, a small amount of marijuana, and a number of pills. Thereafter, the defendant was placed under arrest and transported to the Broward County Jail for processing.

## II. ARGUMENT

In the defendant's Motion to Suppress Evidence Seized Pursuant to Search Warrant (DE 42), as well as the Motion to Suppress Physical Evidence (DE 43) the defendant argues that the search warrant obtained in the above-captioned matter contains false statements that were knowingly made with reckless disregard for the truth. Specifically, in defendant's Motion to Suppress Evidence Seized Pursuant to Search Warrant (DE 42), the defendant states that "Based upon the investigation of this case, it appears that the defense is in a position to prove by a preponderance of the evidence that statements in the affidavit were known to be false and/or were knowingly or recklessly included in the affidavit." The defendant then states that the facts surrounding the basis upon which the package was seized and alleged statements purportedly made by the defendant were false and formed the basis for which the investigation was initiated and the search warrant was issued. The defendant goes on to say that he believes that the evidence will show that the Federal Express parcel seized on April 14, 2011, was not seized pursuant to a valid "administrative search," but rather was a "ruse to subvert the Fourth Amendment." In the defendant's Motion to Suppress Physical Evidence (DE 43)

the defendant alleges that the evidence will show that the package was not recovered during an "administrative search." Rather, the defendant alleges that the evidence will show that law enforcement agents had prior knowledge of the intent to intercept the parcel and were well aware that the purpose of an interdiction is to enforce state and federal narcotics laws.

First, and foremost, the Government respectfully submits that it is unaware of any evidence which would support the defendant's allegations. In addition, the Government submits that to date, it has not received any reciprocal discovery from the defendant in this case.

Second, as noted above the search in the above-captioned matter was a private search conducted by an employee of Federal Express. After opening the package, the Federal Express employee, recognized the substance contained therein to be an illegal narcotic and contacted law enforcement. The Federal Express employee turned the package and the suspected illegal narcotic over to the Broward County Sheriff's Office. In doing so, a property receipt was generated, signed by the Federal Express employee confirming that he turned the package over to law enforcement. Attached to the Federal Express package was the Federal Express airbill utilized to ship the package to the defendant. That airbill contained the following warning and notice "Right to Inspect: We may, at our option, open and inspect your packages before or after you give them to us to deliver."

The law on this issue is very clear. A search conducted by a private party does not give rise to, nor is subject to, the dictates of the Fourth Amendment. *United States v. Boyer,* 914. F.2d 144 (8th Cir. 1990), *United States v. Jacobsen*, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed. 2d 85 (1984), *United States v. Barry*, 673 F.2d 912 (6th Cir. 1982), and *United States v. Young*, 350 F.3d 1302 (11th Cir. 2003). The Eleventh Circuit in *Young* addressed this very issue and held that "no reasonable person would expect to retain his or her privacy interest in a packaged shipment after signing an

5

airbill containing an explicit, written warning that the carrier is authorized to act in direct contravention to that interest." *United States v. Young*, 350 F.3d 1302, 1308 (11th Cir. 2003). The Court went on to say that as "a matter of law this simply eliminates any expectation of privacy." *Id*. at 1308. Further, the Court in *Young* found that an alternative basis for affirming the denial of the motion to suppress existed. Specifically, the Court ruled that Federal Express had the authority to consent to the search of the package based upon the bailment relationship. "When Young and his co-defendants chose to utilize Federal Express they were unequivocally on notice, as evidenced by the plain language of the airbill, that this private carrier retained the right to inspect their packages. Certainly one with full possession and control along with the right to inspect has the authority to consent to a search by law enforcement officials." *Id*. at. 1309.

In the case at hand, given that the search was conducted by Federal Express independent of any law enforcement involvement and that the package was then turned over to law enforcement by Federal Express, the Fourth Amendment is not applicable. Further, given that in the case at hand the same warning and notice was contained on the Federal Express airbill as that in the *Young* case, the defendant was clearly on notice that Federal Express retained the right to inspect their packages. As such, Federal Express retained the right to consent to the search by law enforcement. As a result, the search of the package and ultimate seizure of methamphetamine was lawful.

In his motion, the defendant also appears to argue that law enforcement was required to obtain a search warrant for the contents of the package following the search by Federal Express. Most respectfully this position is contrary to the law on this issue. In .*Boyer*, the Eighth Circuit agreed with the Government and found that "the technical distinction of whether or not a package previously searched by a private party is left open or resealed before the private party turns it over

6

to law enforcement authorities does not prevent *Jacobsen* from governing Boyer's case." *United States v. Boyer,* 914. F.2d 144 (8th Cir. 1990). "The Supreme Court expressly stated in *Jacobsen* that the case did not turn on 'the fortuity of whether the Federal Express employees placed the tube back in the box'. Rather, the search was reasonable because after Federal Express employees' examination of the package, their communication of what they learned to the agent, and their offer to inspect it . . . the container could no longer support any expectation of privacy." *Id.* at. 146*, citing to United States v. Jacobsen*, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed. 2d 85 (1984). As noted above, the facts in the case at hand are quite similar to that in *Boyer*.

Based upon the foregoing, the Government respectfully submits that it is unaware of any evidence which supports the notion that the search conducted in this case was anything other than a private search conducted by a Federal Express employee as noted above. As such, the Government respectfully submits that the search was lawful, that the defendant's motions are meritless, that the defendant's motions should be denied, and that the evidence seized is properly admissible at trial.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   s/ *Jennifer C. Millien*
Jennifer C. Millien (FL Bar No. 171700)
Email: jennifer.millien@usdoj.gov
Assistant United States Attorney
7795 SW 6th Street, 2nd Floor
Plantation, FL 33324
TEL: (954) 888-1674
FAX: (954) 577-9425
Attorney for Plaintiff, USA

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 14, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      s/ *Jennifer C. Millien*
      Jennifer C. Millien (FL Bar No. 0171700)
      Assistant United States Attorney

## SERVICE LIST

**UNITED STATES OF AMERICA vs. SCOTT KEMERY,**
Case No. 11-CR-60101-DIMITROULEAS/SNOW
United States District Court, Southern District of Florida


**Jennifer C. Millien**
Assistant U.S. Attorney
jennifer.millien@usdoj.gov
7795 SW 6th Street, 2nd Floor
Plantation, FL 33324
TEL: (954) 888-1674
FAX: (954) 577-9425
Attorney for the Government
Method of Service: CM/ECF


**Jason Kreiss, Esq.**
Attorney at Law
1824 S.E. 4th Avenue
Fort Lauderdale, Florida 33316
Attorney for the Defendant
Method of Service: CM/ECF

and

**Eric Schwartzreich, Esq.**
Attorney at Law
208 S.E. 6th Street
Fort Lauderdale, FL 33301
Attorney for the defendant
Method of Service: CM/ECF